# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EMILY BEAUPRE | : | CIVIL NO.: 3:19-CV-00834-JBA |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CHUBB & SON, INC. | : | |
|     Defendant. | : | SEPTEMBER 5, 2019 |
| | : | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and Rule 7(a) of the Local Rules of the Court, Defendant Chubb & Son, Inc. by and through its attorneys Jackson Lewis P.C. hereby respectfully submits this memorandum of law in support of its motion to dismiss Plaintiff's Amended Complaint, dated August 10, 2019 [doc. 10], in its entirety for lack of subject matter.

### I.   Preliminary Statement

As set forth in Defendant's Motion for Pre-filing Conference and its colloquy with counsel and the Court on August 1, 2019, at the time of Plaintiff's termination, Plaintiff was employed by ACE American Insurance Company and not Chubb & Son, Inc. Further, Plaintiff is party to an arbitration agreement which directs that resolution of this dispute is to be submitted to arbitration, regardless of whether of whether Plaintiff considers her dispute to be with ACE American Insurance Company or Chubb & Son, Inc. However, prior to this Court's consideration of a Motion to Compel Arbitration against either entity, it must first be determined to have subject matter jurisdiction over the pending action. Doctor's Assocs. v. Pahwa, No. 3:16CV00446(JCH), 2016 U.S. Dist. LEXIS 177427, at *7 (D. Conn. Nov. 3, 2016) (Court cannot compel arbitration if

subject matter jurisdiction is lacking). If the Court determines itself to be without jurisdiction to hear this matter (as set forth below), this matter should be dismissed. Alternatively, if the Court finds it has subject matter jurisdiction, the Court may act on Defendant's Motion to Compel Arbitration.1

**II.    Background**

Plaintiff filed her two-count Complaint in the Superior Court for the State of Connecticut on May 9, 2019. The Complaint was directed at Defendant Chubb & Son, Inc. and a return of service was filed on May 9, 2019, which provided that Chubb & Son, Inc. was served via its agent for service on May 1, 2019.[2] The first count alleged gender discrimination in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60(b)(1), *et seq.* The second count sets forth a claim of a violation of § 31-51q of the Connecticut General Statutes. In both counts, Plaintiff alleges that "the entity through which the plaintiff was employed is called ACE American Insurance Company." (Compl. Count One ¶ 5, Count Two ¶ 6).

On May 31, 2019, Defendant removed the Complaint from Superior Court on the basis of diversity, and subsequently filed its Motion for Pre-filing Conference on June 25, 2019 [doc. 14]. At that time, Defendant again advised Plaintiff's counsel that, as alleged in the Complaint, ACE American Insurance Company was Plaintiff's employer. As Chubb & Son, Inc. was not Plaintiff's employer, she could not recover against it, and thus the Court did not have subject matter jurisdiction.[3] Following the pre-filing conference, the Court permitted Plaintiff to

---

1 Defendant's Motion to Compel Arbitration will be filed in short order.

[2] Copy of Return of Service attached hereto as Exhibit A.

[3] Plaintiff and her counsel were advised of the proper party from the outset of the administrative proceeding before the Connecticut Commission on Human Rights & Opportunities. The first paragraph of Defendant's position statement provided "ACE American Insurance Company ("Chubb"), incorrectly named Chubb & Sons [sic], Inc., submits this Position Statement in response to Complainant Emily Beaupre's charge of discrimination." It was further noted that "ACE American Insurance Company is the employing entity within a group of companies operating under the name

amend her complaint if she deemed it necessary. See Order re Scheduling Order, dated August 2, 2019.

On August 10, 2019, Plaintiff filed her Amended Complaint. It is identical in all respects to the original Complaint, save for the identical insertion of a new Paragraph 4 to Count One, and Paragraph 3 of Count Two. The new text provides:

> The defendant is a New York corporation with its corporate headquarters in Philadelphia, Pennsylvania, and having a principal place of business at 555 Long Wharf Drive in New Haven, Connecticut. It was purchased by ACE American Insurance Company for an aggregate price of approximately $29.5 billion in cash and stock based on the most recent closing price of ACE Limited shares and the number of outstanding shares of the Chubb Corporation common stock at the time of closing on January 12, 2016. It began trading the next day on thge [sic] New York Stock Exchange under the symbol "CB." At the time of the acquisition, Evan G. Greenberg, chairman and CEO of Chubb Limited, issued a press release stating: "ACE and Chubb are now one, and we could not be more excited about moving forward together with our new colleagues and our new brand." He announced that the Chubb Limited parent company name would be official upon a publication form the Swiss Commercial Register within a few days of the acquisition. The company logo, from that date to the present, has been CHUBB, which Greenberg said is a "simple expression" of the firm's name, "within no extra symbols or visual distractions. It's a simple, refined modern expression of Chubb." Greenberg further stated that this Chubb brand logo would be used in nine different colors to "reflect the diversity and energy of our culture, our thinking, global presence, the many different customers we serve and the many products we offer.

Amended Complaint, Count One, ¶ 4; Count Two, ¶ 5. This was the sole amendment to the Complaint. ACE American Insurance Company has not been made a party to this action. Plaintiff continues to allege "[t]he entity through which the plaintiff was employed is called ACE American Insurance Company." Id., Count One, ¶ 5; Count Two, ¶ 4.

---

"Chubb." (Copy of Position Statement attached hereto as Exhibit B). In response to the Request for Information, it was provided that "Respondent's full legal name [is] ACE American Insurance Company (hereinafter 'Chubb')", and that it was incorporated in Pennsylvania. (Copy of Response to Schedule A attached hereto as Exhibit C).

3

Plaintiff's new allegations in the Amended Complaint represent a purposeful manipulation of the facts[4] surrounding the acquisition of The Chubb Corporation by ACE Limited January 2016, in order to create an inference that Ace American Insurance Company now operates as Chubb & Son, Inc. This is a grossly incorrect inference. Plaintiff has long been on notice that ACE American Insurance Company is a separate corporate entity, and the proper party defendant. Both ACE American Insurance Company and Chubb & Son, Inc. are indirect subsidiaries of Chubb Limited – the entity formed after the acquisition of The Chubb Corporation by ACE Limited. Chubb Limited files its corporate filings with the Securities & Exchange Commission (SEC). A of review its Form 10-K for 2018 discloses that ACE American Insurance Company is a subsidiary of Chubb INA Holdings, Inc., and that ACE American Insurance Company and Chubb & Son, Inc. are sister companies.[5]

---

[4] The newly inserted allegations copy, almost verbatim, from the press release announcing the completion of the acquisition. However, the new allegations incorrectly paraphrase the Press Release, and inject "Chubb & Son, Inc." in place of "The Chubb Corporation" and substitute "ACE American Insurance Company" for "ACE Limited." A copy of the Press Release is attached hereto as Exhibit D (hereinafter "Press Release"). Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant requests that the Court take judicial notice of the Press Release, available at http://news.chubb.com/2016-01-14-ACE-Completes-Acquisition-of-Chubb-Adopts-Chubb-Name-and-Launches-New-Chubb-Brand. Further, or in the alternative, Defendant also requests that the Court deem the Press Release incorporated by reference. "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken — or doom — their claims." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018). "[Plaintiff's] failure to include matters of which as pleaders they had notice and which were integral to their claim -- and that they apparently most wanted to avoid -- may not serve as a means of forestalling the district court's decision on the motion [to dismiss]." Cortec Indus., Inc. v. Sun Holding L.P., 949 F.2d 42, 44 (2d Cir. 1991). In this case, Plaintiff has quoted directly from the Press Release, but selectively altered its contents in order to purposefully blur the lines between corporate entities. The quoted language is the only modification to the Amended Complaint, and therefore the facts in the allegation (and thus the Press Release) are clearly integral to Plaintiff's claim. Further, as discussed herein, contrary to Plaintiff's allegations, the Press Release and associated documents establish that ACE American Insurance Company (Plaintiff's admitted employer) is a separate entity that has not been named as a defendant in this action.

[5] A copy of Chubb Limited's Form 10-K is attached hereto as Exhibit E. Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant requests that this Court take judicial notice of this public document for the purpose establishing the undisputed facts of the corporate structure of Chubb Limited, as well as the independent corporate status of ACE American Insurance Company. See Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991) (taking judicial notice on Rule 12(b)(6) motion of public documents filed with SEC and noting that "it is highly impractical and inconsistent with Federal Rule of Evidence 201 to preclude a district court from considering such documents when faced with a motion to dismiss . . ."); Ligotti v. Provident Life & Cas. Ins. Co., 857 F.Supp.2d 307, 315 n. 4 (W.D.N.Y. 2011) (Taking judicial notice of state of incorporation of defendant through 10-K); Scott & Stringfellow, LLC v. AIG Commer. Equip. Fin., Inc., Civil Action No. 3:10CV825-HEH, 2011 U.S. Dist. LEXIS 38554, at *17 n.3 (E.D. Va.

4

**III.    Argument**

Plaintiff's Amended Complaint must be dismissed for lack of standing because Plaintiff has asserted that she was employed by ACE American Insurance Company yet failed to commence an action against it. By the Plaintiff's own allegations and the documents which the Court is entitled to consider upon review of this Motion, she has failed to bring suit against her employer and thus failed to state a claim upon which relief can be granted for her claims of discriminatory conduct by her employer. This primary deficiency goes to both the merits of Plaintiff's claims, as well as her standing. Therefore, this action must be dismissed pursuant to Rule 12(b)(1).

**A.    Standard**

Under Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it, the determination of which may make reference to evidence outside the pleadings." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Under Federal Rule of Civil Procedure 12(b)(1), the facts alleged in the Complaint are viewed in the light most favorable to the plaintiff and all reasonable inferences must be drawn in the plaintiff's favor. See Natural Resources Defense Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006).

Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Hutchison v. CBRE Realty Finance, Inc.*, 638 F. Supp. 2d 265, 270 (D. Conn. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009)). Thus, to survive a motion to dismiss, a complaint:

> must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face….A claim has facial plausibility when the plaintiff pleads factual

---

Apr. 8, 2011) (Taking judicial notice of subsidiary relationships of defendant based on 10-K).

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged….The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully….Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Logan v. Sectek*, 632 F. Supp. 2d 179, 182 (D. Conn. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949-50 (2009)).

"When subject matter jurisdiction is challenged under Rule 12(b)(1), both the movant and the pleader may use affidavits and other pleading materials to support and oppose such motions, without converting the motion to one for summary judgment." (Citations omitted) Anderson v. Derby Bd. of Educ., 718 F. Supp. 2d 258, 265 (D. Conn. 2010). In a diversity action, Plaintiff "must have standing under both Article III of the Constitution and applicable state law to maintain a cause of action." Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 173 (2d Cir. 2005). Plaintiff does not have Article III standing, and this claim must be dismissed for lack of subject matter jurisdiction.

**B. Plaintiff's Allegations, and Documents Incorporated by Reference, Establish That She Has Failed to Name the Correct Party And Does Not Have Standing To Maintain This Claim**

Plaintiff has failed to assert a claim against her employer and will be unable to establish a causal connection between the alleged misconduct and her claimed injury. Both counts of Plaintiff's Amended Complaint seek relief under Connecticut statutes prohibiting discriminatory treatment by employers. A critical element of each claim is the causal relationship between the alleged conduct of her employer and the damages claimed by Plaintiff. In the absence of a causal relationship, Plaintiff has failed to state a claim.

Under Article III of the Constitution, federal courts have jurisdiction only over "cases" and "controversies." U.S. Const. Art. III, § 2. Standing "is an essential and unchanging

6

part of the case-or-controversy requirement of Article III." <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). The "irreducible constitutional minimum of standing" contains the following three elements:

> First the plaintiff must have suffered an injury in fact -- an invasion of a legally protected interest which is a) concrete and particularized, and b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

<u>Lujan</u>, 504 U.S. at 560-61 (internal citations, quotation marks, and alterations omitted). Consequently, where a plaintiff does not satisfy the three elements of standing, the court lacks subject matter jurisdiction over the suit.

In this case, without conceding the first element, Plaintiff will nonetheless be unable to establish that her alleged injury is traceable to any action of Defendant Chubb & Son, Inc. Rather, as she admits, she was employed by ACE American Insurance Company. The evidence submitted in support of this Motion establishes that ACE American Insurance Company is an independent corporate entity, wholly distinguishable from Chubb & Son, Inc. (a sister – not parent- company). Therefore, the conduct alleged to be the cause of her injury is attributable to "some third party not before the Court." <u>See</u> <u>Id.</u>

The critical allegation, repeated in both counts, asserts that "[t]he defendant is a division of Federal Insurance Company, and it does business through several entities, each bearing a different name. The entity through which plaintiff was employed is called ACE American Insurance Company." <u>Amended Complaint</u>, Count One, ¶ 5; Count Two, ¶ 4. This allegation purports (incorrectly and in a conclusory fashion) to assign a parent-subsidiary relationship to ACE American Insurance Company and Chubb & Son, Inc. Arguably, this alone is insufficient as

7

Plaintiff admits her employer was ACE American Insurance Company, and only infers that it is an "entity" through which Chubb & Son, Inc. does business.

However, presuming that the Court draws such an inference in favor of Plaintiff, Plaintiff nonetheless has failed to assert any basis for recovery against Chubb & Son, Inc. In order to pursue a parent corporation for the acts of its subsidiary, Plaintiff must allege sufficient facts to pierce the corporate veil. "Piercing the corporate veil is a state law theory of liability that requires facts establishing that a controlling entity ignored the separate legal status of, and dominated the affairs of, a controlled entity." Capmark Fin. Grp. Inc. v. Goldman Sachs Credit L.P., 491 B.R. 335, 346 (S.D.N.Y. 2013). The Connecticut Supreme Court has employed two separate tests for piercing the corporate veil: (1) the "instrumentality" test[6]; and (2) the "identity" test.[7] As discussed below, Chubb & Son, Inc. is not the parent of ACE American Insurance Company. Nonetheless, presuming the truth of the allegations, Plaintiff has not alleged any facts sufficient to justify piercing her admitted employer's corporate veil in order to reach the alleged parent.

In the event that the Court determines that additional information beyond the allegations of the Complaint is necessary, the Form 10-K filed by Chubb Limited with the SEC and the Press Release relied upon by Plaintiff in drafting her Complaint further establish Plaintiff's lack of standing. In the Press Release, it is evident that ACE Limited acquired The Chubb Corporation in January 2016. Further, as alleged in the Complaint (as derived from the Press

---

[6] "To prevail under the instrumentality test, the plaintiff must prove three elements: (1) control by the parent of the finances, policies and business practices relating to the transaction at issue to such an extent that the subsidiary had at the time no separate mind, will or existence of its own; (2) that the parent exercised that control over the subsidiary in order to commit a fraudulent, wrongful, or otherwise unlawful act; and (3) the control and breach of duty must have proximately caused the plaintiff's injury." Tucker v. Am. Int'l Grp., Inc., 745 F. Supp. 2d 53, 70 (D. Conn. 2010).

[7] Under the "identity rule," the plaintiff must demonstrate "that there was such a unity of interest and ownership that the independence of the corporations had in effect ceased or had never begun." Angelo Tomasso, Inc., v. Armor Construction & Paving, Inc., 187 Conn. 544, 553-54, 447 A.2d 406 (Conn. 1982).

Release), the resulting corporate entity became Chubb Limited. Amended Complaint, Count One, ¶ 4; Count Two, ¶ 3 ("He announced the Chubb Limited parent company name would be official…"). There is no basis for alleging that Chubb & Son, Inc. is, in any way, affiliated with Plaintiff or her employment at ACE American Insurance Company.

Further, Exhibit 21.1 of the 2018 Form 10-K lists the subsidiaries of Chubb Limited. (Exhibit E, pg. 232). ACE American Insurance Company and Chubb & Son, Inc. are listed as sister companies within a parent company, Chubb INA Holdings, Inc. (Id., pg. 234-38). Therefore, incontrovertible facts establish that, contrary to Plaintiff's allegations, Chubb & Son, Inc. is not a division of Federal Insurance Company, nor does ACE American Insurance Company "do business" on behalf of Chubb & Son, Inc. Plaintiff's employer was, as alleged, ACE American Insurance Company, a separate and distinct corporation, and Plaintiff will be unable to establish a causal relationship between Chubb & Son, Inc. and her claim for damages. Therefore, Plaintiff's Amended Complaint must be dismissed.

## IV. CONCLUSION

On the basis of the foregoing, Defendant respectfully moves this Court for an order dismissing the Complaint for lack of subject matter jurisdiction.

**DEFENDANT,**
**CHUBB & SON, INC.**

By: */s/        Tanya A. Bovée*
Tanya A. Bovée (ct24252)
Russell N. Jarem (ct27848)
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT  06103
Tel.: (860) 522-0404
Fax: (860) 247-1330
tanya.bovee@jacksonlewis.com
russell.jarem@jacksonlewis.com

## CERTIFICATION OF SERVICE

This is to certify that on September 5, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                               */s/ Russell N. Jarem*
                                               Russell N. Jarem