UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EMILY BEAUPRE | : | |
| VS. | : | NO. 3:19cv834(JBA) |
| CHUBB & SON, INC. | : | SEPTEMBER 25, 2019 |

## BRIEF IN OPPOSITION TO MOTION TO DISMISS

The plaintiff has brought this action against her former employer under Connecticut state law.  The action was filed in the Superior Court but removed here by the defendant on the ground of diversity.  Now the defendant moves to dismiss on the ground that the plaintiff has named the wrong corporation, among a web of related corporations all doing business under the "Chubb" name, as the perpetrator of the wrongs alleged.  The defendant claims it was another member of that corporate web which would be responsible, assuming *arguendo* that there is liability somewhere.

The defendant alleges lack of subject matter jurisdiction, asserting that since the plaintiff has named the wrong defendant there is no case or controversy before the court.  When considering a motion to dismiss for lack of subject matter jurisdiction under F. R. Civ. P. 12(b)(1), "the court must take all

1

facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff." Raila v. United States, 355 F.2d 118, 119 (2nd Cir. 2004); Natural Resources Defense Council v. Johnson, 461 F.3d 164, 171 (2nd Cir. 2006). Affidavits beyond the pleadings, however, are permitted. Matos v. United States Dept. of Housing & Urban Dev., 995 F. Supp. 48, 49 (D. Conn. 1997).

In this case, the defendant has submitted a wealth of documents from various sources, demonstrating an almost mind-boggling array of similarly-named corporations which may or may not be under a single corporate umbrella and claims that the plaintiff named the wrong one. This is a corporate shell game and nothing more.

Whether corporate distinctions can be set aside by the court to accomplish an equitable result is determined by state law, as the defendant says. Connecticut law clearly supports the plaintiff's position here that all of the many Chubb entities should be treated as one for purposes of imposing liability. "If a plaintiff can show that there was such a unity of interest and ownership that the independence of the corporations had in effect ceased or had never begun, an adherence to the fiction of separate identity would serve only to defeat justice and equity by permitting the economic entity to escape liability arising out of an operation conducted by one corporation for the benefit of the whole enterprise." Angelo Tomasso, Inc. v. Armor Construction Paving, Inc., 187 Conn. 544, 554,

447 A.2d 406 (1982). That is precisely the circumstances demonstrated by the facts alleged and proven in this case. Accordingly, the motion to dismiss should be denied.

                              THE PLAINTIFF

                         BY:         */s/*       *(ct00215)*
                            JOHN R. WILLIAMS (ct00215)
                            51 Elm Street
                            New Haven, CT 06510
                            203.562.9931
                            Fax: 203.776.9494
                            jrw@johnrwilliams.com

<u>CERTIFICATION OF SERVICE</u>

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                            */s/*       *(ct00215)*
                     JOHN R. WILLIAMS